■ In the Matter of GEORGE GROSS, as Commissioner of Social Services of the City of New York, Appellant. MAX ELKINS, Respondent.—In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator, the appeal is from so much of a judgment of the Supreme Court, Kings County (Leone, J.), dated October 24, 1985, as directed the petitioner to provide social services to the conservatee to the same extent as were provided before the appointment of a conservator.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, the eighth decretal paragraph of the judgment is deleted, and the following is substituted therefor: "ORDERED that the appointment of a conservator by this order shall not relieve the Commissioner of Social Services from any obligation to provide social services and continuous supervision of the patient or client through its caseworkers and supervisors and other staff members to the extent that the Commissioner deems appropriate and the Commissioner shall also communicate and cooperate with the Conservator so that their joint actions will result in best serving the interests of the said patient or client, and it is further". *(See, Matter of Gross [Kushner]*, 127 AD2d 658 [decided herewith].) Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.

■ In the Matter of GEORGE GROSS, as Commissioner of Social Services of the City of New York, Appellant. ANNA KUSHNER, Respondent.—In a proceeding pursuant to Mental Hygiene Law article 78 for the appointment of a committee of the person and property of an incompetent, the appeal is from so much of a judgment of the Supreme Court, Kings County

(Leone, J.), dated May 16, 1985, as (1) directed the petitioner to provide social services to the same extent as were provided before the appointment of the committee and (2) directed counsel for the petitioner to assist the committee with any legal services it may require.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, the final decretal paragraph of the judgment is deleted, and the following decretal paragraph is substituted therefor: "ORDERED that the appointment of a committee by this judgment shall not relieve the Commissioner of Social Services from any obligation to provide social services and continuous supervision of the patient or client through her caseworker, supervisors, and other staff members to the extent that the commissioner deems appropriate, and the petitioner is directed to assist the committee in providing for the incompetent's care and well being, so that the incompetent can continue to be maintained in her present apartment for as long as possible".

By directing the petitioner to provide social services to the same extent as were provided before the appointment of the committee, the court interfered with the petitioner's exercise of discretion in the discharge of his duties (see, Matter of Lorie C., 49 NY2d 161, 171). The court also erred by directing counsel for the petitioner to assist the committee with "any * * * legal services he may require". It is, however, appropriate for the petitioner to provide "advocacy and assistance in arranging for legal services to assure [the] receipt of rights and entitlements" (18 NYCRR 457.1 [c] [8]). Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.